51 F.3d 268
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Renee BOYD, Defendant-Appellant.
 No. 94-5549.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1995.
Decided April 6, 1995.
 
 Howard L. Cardin, Mark L. Gitomer, Cardin & Gitomer, P.A., Baltimore, MD, for appellant. Lynne A. Battaglia, United States Attorney, Barbara Skalla, Stephen S. Zimmermann, Assistant United States Attorneys, Greenbelt, MD, for appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Terry Renee Boyd was convicted by a jury of conspiracy to distribute and to possess with intent to distribute heroin, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to serve a term of 121 months. Boyd contends on appeal that the district court clearly erred in determining the amount of heroin for which he was responsible, and in enhancing his sentence for possession of a firearm. United States Sentencing Commission, Guidelines Manual, Secs. 1B1.3, 2D1.1 (Nov.1993). We affirm.
 
 
 2
 Boyd worked for over ten years as a state correctional officer. In late August 1993, Boyd also began working for Sammy Queen, Jr., a heroin dealer, whom he met while Queen was in prison. On several occasions, Boyd helped Queen prepare batches of heroin capsules for sale. Both John Word and Warren Neal, who each ran a "heroin shop" for Queen, testified at trial that they had participated with Boyd in late-night sessions where capsules were filled with heroin. Word testified that he worked with Boyd five times and Neal testified that he worked with him three times. A series of recorded telephone conversations provided further evidence that on at least six dates Queen ordered Boyd to work at a "capping" session, and that Boyd worked on that occasion as ordered.
 
 
 3
 Word testified that his "shop" usually sold about 1000 heroin capsules a day. Neal's shop sold about 700 a day. Word testified that in a capping session each person would fill about 500 capsules at a time. Neal testified that two batches of 500 to 600 capsules would generally be prepared in a capping session. Approximately one-quarter of a gram of heroin mixture was put in each capsule. Both Word and Neal testified that Queen carried a firearm at the capping sessions; Marvin Dorsey, at whose house some of the capping sessions took place, also kept a firearm in the house.
 
 
 4
 At the sentencing hearing, the district court determined that at least 1.14 kilograms of heroin were attributable to Boyd for sentencing purposes. A defendant in a drug conspiracy is responsible for his own acts and the acts of co-conspirators which were done in furtherance of the conspiracy and which were reasonably foreseeable to him. USSG Sec. 1B1.3(a)(1). What amount of drugs is reasonably foreseeable to the defendant is a question of fact and the district court's determination is reviewed for clear error. United States v. Banks, 10 F.3d 1044, 1057 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3755 and 62 U.S.L.W. 3825 (U.S.1994). The district court's determination of the quantity involved is similarly a factual question reviewed for clear error. United States v. Goff, 907 F.2d 1441, 1442 (4th Cir.1990).
 
 
 5
 Because a capsule seized from Queen when he was arrested contained .19 grams of heroin (less than a quarter of a gram), the district court used that figure in calculating Boyd's relevant conduct. The district court found that at each capping session approximately 1000 capsules were filled. The court further found that Boyd's relevant conduct included the entire amount of heroin prepared during each capping session in which he participated. The court calculated that Boyd's relevant conduct included 6000 heroin capsules: 6000 X .19 grams = 1140 grams or 1.14 kilograms. Boyd worked face-to-face with the others filling capsules at each session. Because the efforts of each person with whom he worked were in furtherance of the conspiracy and were reasonably foreseeable to him, the district court did not clearly err in finding Boyd responsible for the whole amount of heroin prepared in each session where he was present. See USSG Sec. 1B1.3(a)(1) & comment. (n.2).
 
 
 6
 On appeal, Boyd principally contests the court's finding that 1000 capsules were filled at each session in which Boyd participated. Although only Neal mentioned that two batches were usually prepared, Word's testimony contains nothing which contradicts Neal's statement. The court's estimate was a conservative one in any case because it is clear from Word's and Neal's testimony that two and sometimes three people filled capsules at each session. Even if only one batch were prepared on a given night, or if less than 500 capsules were filled by a particular person, the total would easily reach 1000 or more on average. Therefore, the district court did not clearly err in finding Boyd responsible for more than one kilogram of heroin.
 
 
 7
 Boyd also challenges the enhancement he received for possession of a firearm. USSG Sec. 2D1.1(b)(1), comment. (n.3) (enhancement should be made if weapon present, unless it is clearly unconnected to offense). The enhancement is properly given when a weapon is present is a place where the conspiracy is carried on or furthered. United States v. Apple, 962 F.2d 335, 338 (4th Cir.1992) (Apple II ). It may be given when a co-conspirator possesses the firearm if the possession is reasonably foreseeable to the defendant. United States v. Brooks, 957 F.2d 1138, 1148-49 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). The district court held that possession of weapons by Boyd's co-conspirators was reasonably foreseeable to him. We find that its determination was not clearly erroneous.
 
 
 8
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.