962 F.2d 335
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sherrie Tuggle APPLE, Defendant-Appellant,
National Association of Criminal Defense Lawyers, Amicus Curiae.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stacy Nevin APPLE, a/k/a Dr. Stachel Pomme, Defendant-Appellant.
 Nos. 91-5329, 91-5331.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 6, 1992.
Decided April 21, 1992.
 
 John Kenneth Zwerling, Moffitt, Zwerling & Kemler, P.C., Alexandria, Va., argued for defendant-appellant Sherrie Apple.
 Joshua R. Treem, Schulman & Treem, P.A., Baltimore, Md., argued for defendant-appellant Stacy Apple.
 Christine Manuelian, Asst. U.S. Atty., Baltimore, Md., argued (Richard D. Bennett, U.S. Atty. on brief), for plaintiff-appellee.
 Burton H. Shostak and Deborah J. Kerns, Moline, Ottsen, Mauze, Leggat & Shostak, St. Louis, Mo., on brief, for amicus curiae.
 Before WIDENER, PHILLIPS, and MURNAGHAN, Circuit Judges.OPINION
 PHILLIPS, Circuit Judge:
 
 
 1
 Sherrie and Stacy Apple were convicted of multiple felony narcotics counts, including conspiracy to possess with intent to distribute five kilograms of cocaine.[1] In an earlier appeal from the convictions, we affirmed Stacy's conviction, vacated Sherrie's conviction, remanded to the district court for further proceedings to determine whether illegal electronic surveillance evidence was used against her, and remanded both cases for resentencing[2] because the district court had failed to make adequate factual findings to support the enhancement of their base offense levels under U.S.S.G. § 2D1.1(b)(1) for possession of a weapon during the commission of a drug offense.[3] United States v. Apple, 915 F.2d 899 (4th Cir.1990). The district court on remand reinstated the judgment of conviction against Sherrie after she conceded that her conviction was not tainted by illegal electronic surveillance evidence. The court then made factual findings to support the sentence enhancements of both Sherrie and Stacy under U.S.S.G. § 2D1.1(b)(1) for possession of four loaded handguns seized from the Apples' Maryland residence pursuant to a search warrant on August 14, 1987, and another loaded handgun seized in a warrant search of the Apples' New York City apartment on May 20, 1988. The sentences originally imposed on Stacy and Sherrie by the district court were then reinstated. In the present appeal, Sherrie argues that the district court at resentencing erred in finding itself precluded from considering evidence of her mitigating and rehabilitative conduct since the original sentencing, and Stacy argues that the court erred in enhancing his sentence under U.S.S.G. § 2D1.1(b)(1) because it was "clearly improbable"[4] that he possessed either the Maryland guns or the New York gun during the commission of the drug offenses of which he was convicted.[5] We affirm the judgments as to both defendants.
 
 
 2
 * We first consider Sherrie's appeal.
 
 
 3
 When the district court originally sentenced Sherrie, it departed downward from the applicable Sentencing Guidelines range of 151 to 188 months and imposed a sentence of 84 months. The court departed downward to reflect Sherrie's diminished capacity, having found that she suffered from chronic depression and was a battered wife. At resentencing, Sherrie asked the district court to depart further downward based on evidence of her mitigating and rehabilitative conduct since the original sentencing.[6] The request was denied. The court felt that it was
 
 
 4
 much too late for consideration of any further departures or adjustments to the sentence previously imposed. This court was directed by the Fourth Circuit merely to consider the enhancement issue.
 
 
 5
 Moreover, the court cannot, under revised Rule 35 [of the Federal Rules of Criminal Procedure], consider matters which occurred after the earlier sentencing in deciding to reduce the sentence previously imposed....
 
 
 6
 J.A. at 173-74.
 
 
 7
 Sherrie argues that the district court erred in finding itself precluded from considering her mitigating and rehabilitative conduct since the original sentencing. In so arguing, Sherrie relies on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which held that a district court is not constitutionally precluded, when resentencing, from imposing a new sentence, whether greater or less than the original one, in light of subsequent events. Nothing in Pearce, however, requires the district court to consider subsequent events at resentencing, whether those events be mitigating or aggravating. Cf. United States v. Brick, 905 F.2d 1092, 1096 (7th Cir.1990) (declining to read the holding in Pearce that "the Constitution does not preclude a sentencing court from considering subsequent mitigating conduct" on resentencing as "prescribing the precise consideration of such conduct"). And as the district court was well aware, under revised Fed.R.Crim.P. 35, a sentencing court "shall correct a sentence that is determined on appeal ... to have been imposed as a result of an incorrect application of the sentencing guidelines ... upon remand of the case to the court ... for further sentencing proceedings if, after such proceedings, the court determines that the sentence was incorrect." Fed.R.Crim.P. 35(a). Aside from consideration of the electronic surveillance evidence issue, which turned out to be of no consequence, the only reason we remanded this case was for the court to reconsider the enhancement of the sentences imposed on the Apples for possessing a dangerous weapon during the commission of a drug offense. Apple, 915 F.2d at 915. Our remand instructions in Apple, insofar as they addressed the sentencing of Sherrie (and Stacy), concerned only the propriety of enhancements for weapon possession under U.S.S.G. § 2D1.1(b)(1), and to the extent that the sentences may have been incorrect, our sense was that they could have been so only with respect to the enhancements. The district court properly felt constrained, then, both by our remand instructions and by Fed.R.Crim.P. 35, to limit its reconsideration of the sentences to that alone which we indicated might have been incorrect--the weapon possession enhancements under U.S.S.G. § 2D1.1(b)(1). The district court undertook "further sentencing proceedings," as required by Rule 35 and our remand instructions, and found that the original sentences were correct. The evidence of Sherrie's mitigating and rehabilitative conduct was properly disregarded by the district court, for as that court found, this conduct was not relevant to what was potentially incorrect in the sentence the court originally imposed on Sherrie.
 
 
 8
 We also note that when Rule 35 was revised, all references to "reduction of sentence" were deleted, and the sentencing court's authority to lower a sentence previously imposed was limited to cases in which the Government files a motion with the court, within one year of the imposition of the sentence, requesting a lower sentence "to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with [the Sentencing Guidelines]." Fed.R.Crim.P. 35(b). A district court "no longer has the authority to reduce a sentence under other circumstances." United States v. Hallam, 723 F.Supp. 66, 70 (N.D.Ind.1989); see also 3 Charles A. Wright, Federal Practice and Procedure § 581 (1991) ("[t]here is no longer authority to reduce a sentence"); id. § 585.1 (amended Rule 35 "no longer authorizes reduction of sentence, the 'plea of leniency' that the old rule allowed").
 
 
 9
 The district court therefore did not err in addressing only the sentencing issue specifically identified in our mandate as that to be reconsidered--the enhancement for weapon possession under U.S.S.G. § 2D1.1(b)(1).[7]II
 
 
 10
 We next consider Stacy's appeal.
 
 
 11
 With respect to the weapon possession enhancement of the sentences under § 2D1.1(b)(1), we noted in our remand instructions that "if the court determines that it is not 'clearly improbable' that either or both appellants clearly possessed a weapon during the commission of an offense and that enhancement under § 2D1.1(b)(1) is still appropriate, the court should first make clear whether it is enhancing their respective sentences based on the New York gun or the Maryland guns." Apple, 915 F.2d at 915. The district court on remand made clear that it was enhancing the sentences it imposed on the Apples based on their possession of both the Maryland guns and the New York gun. Because of problems that remain for us on the record reflecting enhancement for possession of the Maryland guns, we pass the question whether the court's ruling on that issue was proper.[8] We conclude that in any event, the evidence of Stacy's possession of the New York gun was clearly sufficient to satisfy the conditions for enhancement under U.S.S.G. § 2D1.1(b)(1). The district court's finding to that effect and its resulting resentencing decision were therefore proper.
 
 
 12
 As had been established in the original proceeding, an undercover FBI agent had purchased and arranged for the distribution of narcotics with the Apples, "often in meetings held at the Apples' New York City apartment." Apple, 915 F.2d at 901. On May 20, 1988, following an arrangement by Stacy to purchase twenty kilograms of cocaine from the undercover agent, and after the Apples' driver, Mike Halaka, was apprehended with the Apples' $50,000 downpayment for the cocaine, a search warrant was executed at the Apples' New York City apartment and among the items discovered in open view was a loaded .32 caliber handgun.
 
 
 13
 Stacy contends that the Government failed to produce evidence linking the New York gun to the commission of the conspiracy, but possession of the weapon during the commission of the offense is all that is needed to invoke the enhancement. The sentencing court is not required to find any more of a connection between the possession of the weapon and the commission of the drug offense. United States v. Johnson, 943 F.2d 383 (4th Cir.1991). Stacy also contends that there must be some geographical and temporal proximity between the weapon and the commission of the offense, but it is clear under the Guidelines that when the offense committed is conspiracy, these proximity conditions are met when the weapon is discovered in a place where the conspiracy was carried out or furthered. Cf. United States v. Rush, 890 F.2d 45, 52 (7th Cir.1989) (enhancement based on weapon found in car that was an "essential tool of the conspiracy"). The evidence here showed that the New York City apartment was used as a base of operation for the Apples' cocaine conspiracy, which at the very least makes it not "clearly improbable" that the gun discovered in open view in the apartment was possessed by Stacy during the commission of the cocaine conspiracy of which he was convicted.[9]III
 
 
 14
 The district court did not err in determining that in light of our remand instructions in Apple and the revised Fed.R.Crim.P. 35, it was precluded from considering at resentencing evidence of Sherrie Apple's mitigating and rehabilitative conduct since the original sentencing, and the court did not err in enhancing the sentence it imposed on Stacy Apple under U.S.S.G. § 2D1.1(b)(1) for possession of the loaded handgun found in open view in the Apples' New York City apartment. The judgments entered on remand are therefore affirmed.[10]
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 For convenience, we will refer to the appellants by their first names
 
 
 [2]
 Resentencing in Sherrie's case was contingent on the district court's determination of whether illegal electronic surveillance evidence was used against her
 3 U.S.S.G. § 2D1.1(b)(1) mandates that "[i]f a dangerous weapon (including a firearm) was possessed during the commission of the offense, increase [base offense level] by 2 levels."
 
 
 [4]
 The enhancement under § 2D1.1(b)(1) "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) comment. (n. 3)
 
 
 [5]
 While Sherrie also made this argument at resentencing, she has not raised it in the present appeal. Accordingly, we consider the weapon enhancement issue with respect to Stacy only
 
 
 [6]
 The probation officer's updated presentence report noted that Sherrie had completed 42 credit hours in college coursework with honors, maintaining a 3.58 GPA, had worked as a volunteer in various public-service programs including one promoting literacy, had cared for her eight-year-old son, and had worked for and received an offer of permanent employment with PaineWebber. These and other accomplishments were well-documented in the record
 
 
 [7]
 Sherrie does not challenge in this appeal the enhancement of her sentence under U.S.S.G. § 2D1.1(b)(1). See note 5 supra
 
 
 [8]
 Detailed elaboration of our misgivings is not warranted. They have to do eventually with continued confusion in the record as to whether Stacy's possession of the Maryland guns occurred during the conspiracy to which he had pled guilty
 
 
 [9]
 We find no merit in the argument that the district court failed to find the scienter required to enhance Stacy's sentence under the Sentencing Guidelines applicable at the time of his sentencing. See United States v. Suarez, 911 F.2d 1016, 1021 (5th Cir.1990). The § 2D1.1(b)(1) scienter requirement is met when it is shown that a defendant "knowingly possessed" a dangerous weapon during the commission of a drug offense, United States v. Burke, 888 F.2d 862, 867-68 (D.C.Cir.1989), and the district court expressly made the finding--which, on our review of the record, was not clearly erroneous--that "defendant Stacy Apple knowingly possessed this particular handgun at his New York apartment during the commission of the offense charged in Count One [of the indictment]." J.A. at 211-12. We also find no merit in the argument that Stacy should not have received a § 2D1.1(b)(1) weapon possession enhancement because two of his co-conspirators did not receive enhancements for the guns found at either of the Apples' residences. The district court made the not-clearly-erroneous finding that the limited involvement of these co-conspirators in the Apples' cocaine conspiracy did not make it reasonably foreseeable to them that guns in the Apples' possession would be used in carrying out the conspiracy
 
 
 [10]
 The motion of Stacy Apple to file, pro se, a supplemental reply brief, which is effectively a motion to remand, is denied