986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gary C. CROUCH, Defendant-Appellant.
 No. 92-5245.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 20, 1992
Decided: February 17, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CR-91-310, CR-91-397)
 Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, William G. Yarborough, Assistant United States Attorney, Hugh W. Buyck, Third Year Law Student, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gary C. Crouch appeals the sentence he received after his guilty plea to manufacture of methamphetamine and possession of methamphetamine with intent to distribute (21 U.S.C.A.s 841 (West Supp. 1992), 18 U.S.C.A. § 2 (West 1969)), and to possession of a firearm by a convicted felon (18 U.S.C.A. § 922(g) (West Supp. 1992)). He contends that the district court erred in giving a two-level adjustment under guideline section 2D1.1(b)(1)* for possessing a dangerous weapon in connection with the drug offense. We affirm.
 
 
 2
 A clandestine laboratory capable of producing methamphetamine was discovered in Crouch's mobile home while it was being repossessed. A chemical clean-up crew later found what appeared to be two pipe bombs in the mobile home. One was in a tool box on the living room sofa and the other was in a clear plastic bag on the floor in the same room, under magazines and other things. Although each section of pipe was capped at the ends, contained a powder mixture, and had a hole for a fuse, neither had a fuse attached. It was determined after investigation that the powder mixtures could not be ignited. Nonetheless, the probation officer recommended an adjustment under section 2D1.1(b)(1), which Crouch contested.
 
 
 3
 In his testimony at the sentencing hearing, Crouch admitted that the pipes had the appearance of being pipe bombs, but claimed that they were simply experiments he was conducting. He said he had attempted to ignite one of the bombs in the woods, but had failed. The investigating agent from the Drug Enforcement Administration testified that it was not uncommon for clandestine laboratories to be protected with booby traps of various sorts, though he had never seen a pipe bomb so used. The district court determined that the inoperable pipe bombs were dangerous weapons. We review this finding under the clearly erroneous standard of review. United States v. Foster, 898 F.2d 25 (4th Cir. 1990).
 
 
 4
 The district court's finding is supported by the plain language of the applicable guidelines. Section 2D1.1(b)(1) provides for a twolevel enhancement if a dangerous weapon is possessed. Application note 3 directs the use of the definition of "dangerous weapon" in section 1B1.1 and states that the adjustment should be given unless it is clearly improbable that the weapon was connected with the offense. Section 1B1.1, comment. (n.1(d)) defines a "dangerous weapon" as an object which is capable of inflicting death or serious bodily injury. It directs that an object which is displayed, brandished, or possessed which appears to be a dangerous weapon should be treated as a dangerous weapon.
 
 
 5
 The court's finding is also supported by decisions from other circuits which have found the adjustment proper for inoperable weapons. See United States v. Paulk, 917 F.2d 879, 882-83 (5th Cir. 1990) (inoperable and unloaded gun); United States v. Heldberg, 907 F.2d 91 (9th Cir. 1990); United States v. Luster, 896 F.2d 1122, 1129 (8th Cir. 1990) (unloaded gun); United States v. Burke, 888 F.2d 862, 869 (D.C. Cir. 1989) (unloaded gun). The district court's finding was therefore not clearly erroneous.
 
 
 6
 Crouch also argued that, if the pipe bombs were dangerous weapons, it was clearly improbable that they were connected to the offense. Reviewing this issue for clear error, United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990), we find none. We have previously held that possession of a weapon during the commission of the offense is enough to trigger the adjustment; evidence specifically linking the weapon to the offense is unnecessary. United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). Moreover, when the weapon is found in the place where the offense is being carried on, its connection to the offense is not clearly improbable. Id.
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)