4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jack D. AGERTON, Jr., Defendant-Appellant.
 No. 93-5259.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-92-330)
 R. Clarke Vandervort, Robinson & McElwee, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jack D. Agerton, Jr., entered a guilty plea to conspiracy to distribute cocaine and to possess cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp. 1993). He appeals his sentence, alleging that the district court clearly erred in determining the amount of drugs to be attributed to him, and in giving an enhancement for possession of a firearm during a drug trafficking offense. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(b)(1) (Nov. 1992). We affirm.
 
 
 2
 From early 1990 to November 1992, Agerton regularly sold cocaine to Robert Burford, who picked up the cocaine at Agerton's home in Florida and distributed it in West Virginia. In September 1992, Burford was arrested in North Carolina, where he was then living, and began cooperating with law enforcement authorities. He arranged to buy nine ounces of cocaine from Agerton in exchange for money and a quantity of marijuana. Agerton and his girlfriend, April Froelich, drove to Burford's home in Charlotte, North Carolina, in November 1992, where the transaction was completed. As Agerton and Froelich were about to drive away, they were arrested. A loaded gun[1] was in a bag on the back seat of Agerton's car. Froelich also had a gun in her purse.
 
 
 3
 After his guilty plea, Agerton contested the probation officer's recommended finding that the offense involved ten kilograms of cocaine and eighteen pounds of marijuana. He based his objection on the fact that only nine ounces of cocaine were seized at his arrest, and on the government's representation, at the time he entered the plea agreement, that five kilograms of cocaine was readily provable. He asserted that the government lacked reliable information of other amounts, and that the marijuana should not be counted because the marijuana transaction was not part of a common scheme or plan with the cocaine transactions.
 
 
 4
 At the sentencing hearing, Agerton offered no evidence. The government presented the testimony of Burford and his ex-girlfriend, Ruth Reed, who had accompanied him to Florida a number of times, as well as the testimony of April Froelich and the case agent. Burford testified that he had made a total of twelve trips to Florida to pick up cocaine and on two occasions sent another person to get it. He said he usually bought a kilogram, but on two occasions bought half a kilogram. We find that this evidence was sufficient for the district court to find by a preponderance of the evidence that the total amount involved was between five and fifty kilograms.[2] The district court may estimate the amount when the drugs seized do not reflect the scale of the offense. U.S.S.G. Sec. 2D1.1, comment. (n.12). We find that the marijuana was properly considered in the offense level calculation; however, its inclusion did not affect the offense level.
 
 
 5
 All that is necessary to justify an enhancement under guideline section 2D1.1(b)(1) is that the defendant possess a gun during a drug trafficking offense. If a gun is present, the enhancement applies unless it is clearly improbable that the gun is connected to the offense. U.S.S.G. Sec. 2D1.1, comment. (n.3). Agerton had the gun with him when he transported cocaine from Florida to North Carolina. This was sufficient for the district court to make the enhancement. See United States v. Apple, 962 F.2d 335 (4th Cir. 1992) (sufficient proximity if gun found in place where conspiracy carried out or furthered). Although Agerton's employment in a gun shop and involvement in competitive shooting were legitimate reasons for owning a firearm, he failed to show that it was clearly improbable that the gun found in his car was connected to his drug activities.
 
 
 6
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The weapon was a .380-9 mm KURZ-AMT backup
 
 
 [2]
 Added to the nine ounces seized in the arrest, these amounts total 13.25 kilograms, rather than 14.25 kilograms, as found by the district court. However, using either amount, the base offense level was properly calculated at thirty-two. U.S.S.G. Sec. 2D1.1(c)(6) (5-15 kg cocaine)