59 F.3d 167
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Mark DAVIS, a/k/a Ref, Defendant-Appellant.
 No. 94-5873.
 United States Court of Appeals, Fourth Circuit.
 Decided June 20, 1995.
 
 John Joseph McGrath, Jr., JANNEY, JANNEY & MCGRATH, Luray, Virginia, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 OPINION
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Anthony Mark Davis pled guilty to conspiring to distribute crack cocaine in Front Royal, Virginia, 21 U.S.C.A. Sec. 846 (West Supp.1995), and was sentenced to serve 300 months imprisonment. He appeals his sentence, contending that the district court clearly erred in finding that he was a leader or organizer in the conspiracy and that firearms were possessed in connection with the offense. USSG Secs. 3B1.1(a), 2D1.1(b)(1).[1] Finding no error, we affirm.
 
 
 2
 Davis first claims that the district court failed to make specific findings to support its determination that he was the leader of the conspiracy. However, in making that determination, the district court relied on evidence presented in the trial of co-defendants Reginald Davis (Appellant's brother), Ivan Stevenson, and Maurice Jackson. Leroy Patton and Appellant Mark Davis pled guilty on the day scheduled for the joint trial; Patton testified against the remaining defendants, who were all convicted of participation in the conspiracy. Reginald Davis and Stevenson were also convicted of murdering another conspirator, Cecil Browning, and his girlfriend, because Browning was behind in his payments to Mark Davis.[2]
 
 
 3
 Guideline section 3B1.1(a) provides for a four-level increase in offense level when the defendant is a leader in a criminal activity involving five or more participants. Testimony at the trial of Reginald Davis, Stevenson, and Jackson established that Mark Davis was the recognized leader of the conspiracy--that he provided drugs to the others, gave orders to them, and collected the profits. The conspiracy also included Star Duggan, until his death, and possibly others. Despite Davis' assertion in his sentencing hearing that the conspiracy had only four participants including himself, the district court found, on the basis of the trial evidence, that there were more than five participants in the conspiracy, and that Mark Davis was the leader. The district court's determination of the defendant's role in the offense is reviewed for clear error. United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 498 U.S. 838 (1990). Although Davis argues that the district court failed to explain the basis for its finding, our review of the trial evidence discloses that the district court's decision was amply supported by the trial evidence.
 
 
 4
 The trial testimony also established that Stevenson and Jackson regularly carried firearms, and that all the conspirators did so when they first appeared in Front Royal to begin drug sales. In addition, Stevenson carried a knife. Guideline section 2D1.1(b)(1) provides for a two-level increase if a dangerous weapon is possessed in connection with the drug offense. Davis testified at sentencing that he did not carry a firearm, but was aware that some of the conspirators did; he claimed that the use of firearms was not part of the conspiracy. Again, the district court based its determination on the evidence presented at trial.
 
 
 5
 On appeal, Davis complains that the district court made the adjustment without a specific finding that Davis or the other conspirators used firearms while they were actively engaged in drug trafficking. We find no error in the district court's decision. To find that weapons were possessed within the meaning of the guideline, the district court need only find that weapons were present in a place where the conspiracy was carried on or furthered. See USSG Sec. 2D1.1, comment. (n.3); United States v. Apple, 962 F.2d 335, 338 (4th Cir.1992).
 
 
 6
 In making the enhancement, the district court relied in part on the government's inaccurate representation that a trial witness had testified specifically that Mark Davis carried a firearm. No testimony to that effect is contained in the materials presented on appeal, and the government concedes that the attorney was mistaken. However, because the adjustment was clearly warranted based on Davis' knowledge that his co-defendants carried firearms, the adjustment was mandatory under the guidelines, and thus the resulting offense level was correctly determined. See United States v. Ashers, 968 F.2d 411, 414-15 (4th Cir.) (adjustment proper if supported by any ground), cert. denied, 61 U.S.L.W. 3419 (U.S.1992).
 
 
 7
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Portions of the trial record are included in a supplemental joint appendix in this appeal