70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Anthony Renard WYNN, Defendant-Appellee.
 No. 95-5539.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1995.
Decided Dec. 6, 1995.
 
 Helen F. Fahey, United States Attorney, William G. Otis, Senior Litigation Counsel, Alexandria, Virginia, for Appellant. Charles A. Johnson, ST. CLAIR & JOHNSON, P.C., Norfolk, Virginia, for Appellee.
 Before HALL, MURNAGHAN, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The government appeals the sentence of 18 months imprisonment imposed on Anthony Renard Wynn following his guilty plea to conspiracy to distribute and possess with intent distribute cocaine and crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1995). Wynn did not dispute that he personally handled 11 kilograms of crack and possessed a firearm during his participation in the conspiracy. He was therefore subject to the ten-year mandatory minimum sentence provided in 21 U.S.C.A. Sec. 841(b)(1)(A) (West Supp.1995). Because the sentence does not comply with the law, we vacate and remand for sentencing.
 
 
 2
 Wynn was arrested on December 21, 1993, at his residence in Hampton, Virginia. A search of the residence resulted in the seizure of 9 grams of crack, five pagers, three cellular phones, and $27,551 in cash from the house. A loaded 9 mm handgun was found in the garage near Wynn's motorcycle. Wynn pled guilty to participating in a crack conspiracy which lasted from 1989 to 1993. In his interview with the probation officer, Wynn admitted that between 1991 and 1993 he obtained crack or powder cocaine from his co-conspirators in Hampton, Virginia, and distributed at least 11 kilograms of crack in Richmond, Virginia. He said he frequently bought cocaine and personally cooked it into crack for distribution. He admitted that he owned a 9 mm pistol, but denied that he possessed or used it in connection with the conspiracy, and initially objected to the 2-level enhancement recommended by the probation officer for possession of the firearm. USSG Sec. 2D1.1(b)(1). 1* The probation officer recommended an offense level of 37, a criminal history category of II, and a guideline range of 235-293 months.
 
 
 3
 At the sentencing hearing, Wynn withdrew his objection to the firearm enhancement. He testified that his gun was stolen the same night he was arrested and that the gun seized at his arrest belonged his housemate. However, he acknowledged that the gun enhancement was properly made.
 
 
 4
 Although neither Wynn nor the government requested a downward departure, the district court decided to depart sua sponte because Wynn had been a college student and a seemingly responsible person until his participation in the conspiracy. The government attorney acquiesced in a departure to the mandatory minimum sentence, but asked the court not to go any lower.
 
 
 5
 Nonetheless, the district court departed to a sentence of 18 months. The court based the departure on two grounds: (1) that the positive aspects of Wynn's background had not been adequately accounted for under the guidelines, citing USSG Sec. 5K2.0, p.s. (Grounds for Departures), and (2) Wynn's voluntary disclosure of the identities of codefendants after his arrest, citing USSG Sec. 5K2.16 (Voluntary Disclosure of Offense). The court also mentioned that Wynn's criminal history category seemed too high, but did not make this a basis for the departure. On appeal, the government contests only the departure below the mandatory minimum sentence; consequently, we do not consider the propriety of the departure from the guideline range to the mandatory minimum sentence of 120 months.
 
 
 6
 The sentencing court may depart below a mandatory minimum sentence only on a government motion pursuant to USSG Sec. 5K1.1 or under the "safety valve" guideline. 18 U.S.C.A. Sec. 3553(e), (f) (West Supp.1995); USSG Sec. 5C1.2. A departure below a statutorily mandated sentence without authority is an illegal sentence and, as such, must be vacated and remanded for resentencing. 18 U.S.C.A. Sec. 3742(f)(1).
 
 
 7
 The government did not request a substantial assistance departure and Wynn does not claim he was entitled to one. A defendant in a drug offense may be sentenced below the mandatory minimum sentence under the safety valve provision if (1) he has no more than one criminal history point; (2) he did not use violence or threats of violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury to anyone; (4) the defendant did not have an aggravating role in the offense; and (5) he has fully cooperated with the government. 18 U.S.C.A. Sec. 3553(f); USSG Sec. 5C1.2.
 
 
 8
 Although Wynn did not request a departure under Sec. 5C1.2 in the district court, he suggests on appeal that the district court might have been able to find that he qualified for a departure below the mandatory minimum sentence under the safety valve provision. He asks that the case be remanded to allow the court to give additional reasons for the departure. Because Wynn withdrew his objection to the recommended firearm enhancement and agreed that a preponderance of the evidence established that he possessed a firearm in connection with the conspiracy, he is arguing that the district court committed plain error in not making a sua sponte finding to the contrary. Fed.R.Crim.P. 52(b). Because Wynn admitting possessing a firearm during the conspiracy and at the very least kept it in a place where he furthered the conspiracy, the district court did not commit plain error in failing to find that Wynn could qualify for a sentence under Sec. 5C1.2. See United States v. Apple, 962 F.2d 335, 338 (4th Cir.1992) (connection to conspiracy not clearly improbable when weapon discovered in place where conspiracy carried on).
 
 
 9
 Wynn also argues that he was incorrectly awarded two criminal history points for committing the instant offense while under a sentence of probation. However, we need not address this issue. Even if we were to find that Wynn's criminal history calculation was plainly erroneous and he had no countable criminal history points, Wynn did not qualify for a sentence under Sec. 5C1.2 because the district court properly found that he possessed a firearm in connection with the conspiracy. Therefore, the district court had no authority to sentence Wynn below the mandatory minimum of ten years.
 
 
 10
 We therefore vacate the sentence and remand for resentencing. On remand, the district court should impose a sentence of ten years imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)