**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4387

JAMES THERON RECTOR, a/k/a Theron
W. Rector,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-95-597)

Submitted: January 9, 1997

Decided: January 22, 1997

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Albert Q. Taylor, Jr., TAYLOR & HENRY, Greenville, South Caro-
lina, for Appellant. J. Rene Josey, United States Attorney, E. Jean
Howard, Assistant United States Attorney, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Theron Rector appeals from his sentence imposed after a jury found him guilty of conspiracy to possess with intent to distribute and to distribute marijuana, in violation of 21 U.S.C. § 846 (1994), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (1994). On appeal, Rector contends that the district court erred by applying a two-level sentence enhancement for possession of a firearm pursuant to United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1995). We affirm.

A defendant "possesses" a firearm for purposes of § 2D1.1(b)(1) if the weapon was merely "present," unless it is clearly improbable that the weapon was connected with the offense. United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994). To find possession, it is sufficient that the weapon is found in a place where the conspiracy is carried out or furthered. United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992) (Apple II). The sentencing court is not required to find a connection between the weapon and the drug offense except that the weapon must be possessed during commission of the offense. United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991). Because the determination that a firearm was present so as to justify a sentencing enhancement is a factual question, we review that decision for clear error. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990) (Apple I).

Here, the evidence showed that five loaded rifles and six loaded shotguns were found in Rector's trailer. The evidence also showed that Rector conducted drug transactions inside his trailer, where drug proceeds were often stored. Because the district court's determination that a firearm was present so as to justify an enhancement was not clearly erroneous, we affirm the enhancement. We dispense with oral argument because the facts and legal contentions are adequately pres-

2

ented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3