**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 96-4599

NOLAN MEARS, JR.,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 96-4601

RUTH VANESSA WALKER,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-95-455-AMD)

Argued: December 5, 1997

Decided: March 13, 1998

Before Before NIEMEYER, Circuit Judge, BUTZNER,
Senior Circuit Judge, and MICHAEL,
Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Flynn Marcus Owens, JACK B. RUBIN, P.A., Baltimore, Maryland, for Appellants. John Francis Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Jack B. Rubin, JACK B. RUBIN, P.A., Baltimore, Maryland, for Appellant Mears; Leslie A. Stein, Baltimore, Maryland, for Appellant Walker. Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Nolan Mears and Ruth Walker appeal the district court's judgments entered on the verdicts of a jury. Their principal assignment of error pertains to a warrantless, protective sweep of Walker's house that disclosed two handguns. Mears protests the consequent two-point enhancement of his sentence pursuant to U.S.S.G.§ 2D1.1(b)(1). We affirm.

Mears, Walker, and Eduardo Rivera were convicted of conspiracy to distribute and possess with intent to distribute heroin (count 1). Rivera pled guilty and testified for the government. Mears was convicted of distributing heroin (count 2). Mears and Walker were convicted of distributing heroin (counts 3 and 4). Mears was also convicted of distributing heroin (count 5). The district court dismissed the charges in counts 2 and 5 against Walker. Neither Mears nor Walker contests the sufficiency of the evidence with respect to counts 1, 2, 4, and 5. Appellants' Br. at 16. Walker contends that the evidence was insufficient to convict her of the distribution of heroin charged in count 3. Walker pled guilty to possession of a firearm by a convicted felon (count 6). The district court enhanced Mears' and

2

Walker's sentences two points for possession of a firearm during a drug transaction. Mears, but not Walker, assigns error to this enhancement.

I

On October 30, 1995, a Maryland state trooper found 750 grams of heroin in a car driven by Eduardo Rivera. After the discovery, Rivera agreed to cooperate with DEA agents in a controlled delivery of heroin to Mears and Walker. At 6:30 p.m., Rivera called Walker at her Lanvale residence to corroborate the story he told officials. Approximately ten minutes after the phone call ended the agents left with Rivera to observe his meeting with Walker and Mears. Rivera arrived at the Lanvale residence at 7:30 p.m. and remained inside for about an hour. At that time Rivera and Mears exited the house and entered separate cars. Both vehicles were stopped one block later and Mears was arrested. As the police were preparing to do a protective sweep of the house Walker and another woman were spotted leaving the residence. The women were stopped and taken back inside. DEA agents then conducted a protective sweep of the residence to ensure that additional conspirators were not in the house. During the sweep, which took less than two minutes, two guns were found. One was found under the bed of a second floor bedroom, and the other was found between the mattress and box spring of the same bed. Walker later admitted that she owned the guns.

The court held that the gun found under the bed was admissible pursuant to the protective sweep doctrine and the gun found between the mattress and the box spring was admissible under the inevitable discovery, exception even though it was inadmissible under the protective sweep doctrine.

II

At this stage of the proceedings it is unnecessary to consider the legality of the sweep of Walker's house that turned up two guns. Walker's plea of guilty to possession of a gun by a felon precludes her from questioning the sweep. In Tollet v. Henderson, 411 U.S. 258 (1973), the Court stated a rule that is applicable to Walker's case:

3

We thus reaffirm the principle recognized in the <u>Brady</u> trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

411 U.S. at 267.

III

Mears acknowledges that he lacks standing to challenge the sweep of Walker's house in which he had no possessory or property interest. Consequently, he also lacks standing to complain about the admission of Walker's guns into evidence. <u>See Rakas v. Illinois</u>, 439 U.S. 128, 148 (1978). But his lack of standing is not the end of our inquiry. The government must prove by a preponderance of the evidence that the district court was authorized to increase his sentence by two levels. Mears does not contest the sufficiency of the evidence to establish that he was guilty of conspiracy, but he does protest the two-level increase of his sentence.

When a defendant is convicted of laws relating to drugs, the district court is directed to enhance the sentence as follows: "If a dangerous weapon (including a firearm) was possessed, increase by <u>2</u> levels." U.S.S.G. § 2D1.1(b)(1). The commentary provides:

The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.

U.S.S.G. § 2D1.1, comment. n.3.

We reject Mears' argument that there is no proof that he possessed a gun when Rivera arrived at Walker's house with heroin. Mears was

4

in the house awaiting Rivera's arrival. The fact that the conspirators intended to complete the delivery of the heroin and make payment in some other place is immaterial. Rivera's arrival at Walker's house facilitated, and was a part of, the drug transaction. The requirements of the guidelines are met when the gun is found in a place where the conspiracy is furthered. United States v. Apple , 962 F.2d 335, 338 (4th Cir. 1992). The district court found that part of the reason Walker possessed the guns was to protect the drug operation and those engaged in it. The district court also found that Walker's house was one of the headquarters of the defendants' drug distribution activity.

Possession of a gun by a codefendant (Walker) can be attributed to the defendant (Mears) when possession is in furtherance of a conspiracy and is reasonably foreseeable. United States v. Nelson, 6 F.3d 1049, 1056 (4th Cir. 1993). There can be no doubt that Walker's possession of guns was foreseeable to Mears. In fact, Rivera saw Mears carrying a gun on some other occasions. It should come as no surprise to him that Walker would have a gun in her house. We are satisfied that the district court did not err by enhancing Mears' sentence by two levels.

IV

Walker claims that the district court erred when it denied her motion for judgment of acquittal on count 3, which charged her with distributing heroin on September 27, 1995. When a motion for a judgment of acquittal is based on the insufficiency of the evidence, the standard of review is whether the evidence viewed in a light most favorable to the government is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1941); Fed. R. Crim P. 29.

During the transaction, a seven-minute conversation was recorded, and that recording was played for the jury. The recording was made by Richard Satterfield, a cooperating witness who wore a body wire to the drug buy. Satterfield was unable to testify at trial because he was murdered one week before trial. An FBI agent identified Walker as one of the participants in the conversation by comparing the voice on the recording to a sample of Walker's voice. Additionally, an

5

Infiniti Q45 was involved in the drug transaction. Walker had previously been seen driving this car.

The district court ruled that a rational fact finder could find Walker guilty of count 3 beyond a reasonable doubt, though, on the government's concession, it granted Walker's motion for acquittal on count 2. As the government emphasized, the distinguishing feature between counts 2 and 3 was the recording and voice identification with respect to count 3. We find no error in the district court's denial of Walker's count 3 motion.

AFFIRMED