**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4673

KENNETH LEE TRAYNHAM,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4674

LYNN CLAY,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Danville.
Norman K. Moon, District Judge.
(CR-97-30084)

Submitted: April 20, 1999

Decided: May 5, 1999

Before ERVIN and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stacey W. Moreau, WILLIAMS, MORRISON, LIGHT & MOREAU, Danville, Virginia; Barbara R. Hudson, Danville, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Lee Traynham appeals the 210-month sentence he received after he pled guilty to conspiracy to possess crack cocaine with intent to distribute. See 21 U.S.C.§ 841(a) (1994). Lynn Clay pled guilty to using and carrying a firearm during and in relation to a drug trafficking offense. See 18 U.S.C.A.§ 924(c) (West Supp. 1999). She appeals her mandatory 60-month sentence, alleging that the district court had authority to depart by making it concurrent to a sentence she was already serving. We affirm the sentences in both cases.

I. Traynham

Traynham sold crack to an undercover officer on four occasions. His home was searched after his arrest. Powder cocaine and crack, some of it packaged for sale, as well as two firearms, $2000 in cash and two sets of digital scales were seized from his home. The district court added two offense levels for possession of a firearm under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997). The enhancement is required if a firearm or other dangerous weapon is possessed during a drug offense and should be made if a firearm is present unless it is clearly improbable that the weapon was connected to the

2

offense. See USSG § 2D1.1(b)(1), comment. (n.3). The district court's finding is reviewed for clear error. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). Possession of a weapon in a place where a drug conspiracy is carried on is sufficient to trigger the enhancement, see United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992), as is presence of the weapon in proximity to illegal drugs. See Harris, 128 F.3d at 852. Here, we find that the district court did not clearly err in making the enhancement.

In 1995, Traynham received a ten-year state sentence which was suspended on condition of good behavior. In 1996, active supervision of his case ceased. The district court gave Traynham two criminal history points under USSG § 4A1.1(d), because he was under a criminal justice sentence when he committed the instant offense. Traynham argues that a sentence of good behavior cannot be equated with a criminal justice sentence. However, his suspended sentence was subject to revocation if the condition of good behavior was not met, and his argument is thus meritless. Application Note 4 to § 4A1.1 specifies that unsupervised probation comes within the definition of a criminal justice sentence. See also United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (affirming addition of two points for commission of offense while on unsupervised probation).

II. Clay

Clay was first charged with conspiracy and six substantive crack and cocaine offenses in a February 1997 indictment (the Hammack conspiracy). Clay pled guilty in September 1997 to all seven counts under a plea agreement which provided that the government would consider moving for a substantial assistance departure if Clay's information led to the prosecution of others. Clay received a substantial assistance departure in the Hammack case and was sentenced to 40 months imprisonment.

Clay was subsequently charged with conspiracy and use of a firearm in a drug trafficking crime in a second indictment involving different co-defendants (the Traynham conspiracy). The basis for the § 924(c) charge was that Clay traded two guns she had stolen from her father to conspirator Phillip Parker for crack in January 1997 (within the time frame of the Hammack conspiracy). The same day,

3

Parker sold one of the guns to an undercover officer. Clay pled guilty to the § 924(c) count in June 1998. At sentencing, she maintained that her substantial assistance in the Hammack case should be considered and that the court should depart downward by making her mandatory five-year consecutive sentence for the § 924(c) conviction concurrent with the sentence imposed in the prior case. The district court decided that it had no authority to depart based on the substantial assistance motion made at Clay's prior sentencing.

Clay now contends that the government breached her first plea agreement by charging her with the § 924(c) offense and failing to request a substantial assistance departure. We find that the government did not breach the first plea agreement and that the district court had no authority to depart on the arguments advanced at sentencing.

Accordingly, we affirm both sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4