UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 99-4448

JEFFREY G. RIVERS,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 99-4495

ERICKA LYNN ELSTON,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-98-890)

Submitted: February 29, 2000

Decided: April 25, 2000

Before WILKINS and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert A. Ratliff, Cincinnati, Ohio; Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Rivers pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine, 21 U.S.C. § 846 (1994) and was sentenced to ten years imprisonment. Ericka Elston pled guilty to misprision of a felony, 18 U.S.C. § 4 (1994), and was sentenced to twenty-one months imprisonment. Rivers appeals, claiming that the district court clearly erred in assigning the two-level enhancement for possession of a firearm, U.S. Sentencing Guidelines Manual § 2D1.1(b)(l) (1998), and that the government violated the terms of the plea agreement by seeking the enhancement under 21 U.S.C. §§ 841(b)(l)(B), 851 (1994). Elston appeals, claiming that the district court improperly denied her motion for an independent laboratory testing of the drugs involved in her case and erred in refusing to apply the safety valve provision, USSG, § 2D1.1(b)(6).

Rivers first contends that the district court erred in applying the enhancement for possession of a firearm because the offense was committed at a motel where no weapons were present and no drugs were found in the apartment where the weapons were found. The government was not required, however, to link the weapons directly with the drugs. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997); USSG § 2D1.1, comment. (n.3) (enhancement should be made if a firearm is present, unless it is clearly improbable that the firearm

2

is connected to the offense). Because Rivers cannot show that it was clearly improbable that the firearms were connected to the drug offense, the enhancement was not clearly erroneous. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992) (possession of weapon in a place where the conspiracy is carried on is sufficient).

Rivers also claims that the government breached the plea agreement and acted in bad faith by moving for a sentence enhancement under 21 U.S.C. § 841(b)(1)(B). Here, Rivers and his attorney were served with a copy of the information prior to entering his guilty plea. At the Rule 11 hearing, Rivers was informed that the minimum possible penalty was ten years imprisonment, with a maximum of life imprisonment and that the court has the authority in some circumstances to impose a sentence that is either more severe or less severe than that called for in the guidelines.

Because the government timely complied with § 851 and the plea agreement was silent on this issue, Rivers cannot show that the government breached the plea agreement or acted in bad faith in seeking the enhancement.

Elston first claims that the district court erred in refusing to allow an independent laboratory evaluation to determine the weight of the drugs. The drug analysis performed by the South Carolina Law Enforcement Division determined that the amount of cocaine was 20.14 grams. Elston does not dispute that the substance was in fact cocaine base. She does not suggest that the testing done by the South Carolina Law Enforcement Division was improper or tainted, or that the evidence was improperly handled by law enforcement, or that the evidence was tampered with in any way. Accordingly, we find no abuse of discretion in the district court's refusal to allow an independent testing of the drugs at issue.

Finally, Elston argues that the district court erroneously denied her the benefit of the "safety valve" provision found in USSG § 2D1.1(b)(6). A defendant whose base offense level is 26 or greater and meets the criteria under U.S.S.G. § 5C1.2(1) through (5) and 18 U.S.C. § 3553(f)(1) through (5), will be eligible for a two-level reduction in the base offense level.

3

The base offense level applicable to misprision of a felony is "9 levels lower than the offense level for the underlying offense, but in no event less than 4 or more than 19." USSG § 2X4.1. The underlying offense was conspiracy to possess with intent to distribute crack cocaine. Under USSG § 2D1.1, the base offense level for an amount of cocaine of at least 20 grams but less than 35 grams is 28. Elston's base offense level was correctly determined to be 19 (28 less 9); therefore, she is ineligible for the safety valve reduction.

For the forgoing reasons, we affirm both Rivers' and Elston's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4