UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 00-4579

JOSEPH TITO GRIN, a/k/a Jo Jo,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-257)

Submitted: May 22, 2002

Decided: July 16, 2002

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Joseph M. Wilson, Jr., BROWNE, FLEBOTTE, WILSON & HORN,
P.L.L.C., Durham, North Carolina, for Appellant. Benjamin H. White,
Jr., United States Attorney, Steven H. Levin, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Joseph Tito Grin was convicted of conspiracy to distribute powder cocaine and crack cocaine. He was sentenced to 324 months' imprisonment. On appeal, we affirmed Grin's conviction but vacated his sentence and remanded for another sentencing hearing, finding that the Government had not timely disclosed Grin's presentence report. At the second sentencing hearing, Grin challenged the firearm enhancement and the calculation of the drug amount. The district court, however, interpreted our prior mandate to preclude review of these objections, and ultimately resentenced Grin to 324 months. Grin now appeals.

A resentencing hearing should be conducted de novo unless the court of appeals' mandate specifically limits the district court to certain issues. *United States v. Broughton-Jones*, 71 F.3d 1143, 1149 n.4 (4th Cir. 1995) (remand without limitation); *see also United States v. Apple*, 962 F.2d 335, 337 (4th Cir. 1992) (remand instruction limited to specific potential error). After a careful review of the sentencing transcript, we believe that the district court misconstrued the scope of our mandate. Accordingly, we are constrained to again vacate Grin's sentence and remand the case for resentencing, which should be conducted de novo. Of course, we express no opinion on the merits of any sentencing issues that have been or might be raised by Grin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*