**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4695**
_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ALLEN VAN BRITT,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00101-LHT-1)

_____

Submitted:  June 12, 2009         Decided:  July 2, 2009

_____

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles R. Brewer, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Van Britt pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006). Britt was sentenced to 115 months' imprisonment. Finding no error, we affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the district court properly applied U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2007). Additionally, counsel contends that Britt's sentence is unreasonable because it is disparate to the sentences of other involved defendants. Britt was notified of his right to file a pro se supplemental brief, but he did not do so. The Government elected not to file a responsive brief.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591.

The district court followed the necessary procedural steps in sentencing Britt, appropriately treating the Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and referencing § 3553(a). Furthermore, the court considered the Government's assertion that Britt provided substantial assistance by truthfully detailing "his role in the conspiracy and the roles of others within the conspiracy." Because of his substantial assistance, Britt was sentenced by the district court below the statutory mandatory minimum, see 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2009) (prescribing ten-year minimum for cases involving fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine and a prior felony drug conviction), to 115 months.

Counsel, however, contends that the district court erred in its application of USSG § 2D1.1(b)(1). When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). Section 2D1.1(b)(1) provides for a two-level enhancement if the defendant possessed a dangerous weapon, including a firearm, in connection with the offense. This "enhancement . . . reflects the increased danger of violence when drug traffickers possess weapons" and "should be applied . . . unless

3

it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). Application of the enhancement does not "require[] proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs . . . ." United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991) (per curiam). Moreover, when the offense committed is conspiracy, § 2D1.1(b)(1) may be established by a showing that "the weapon [was] discovered in a place where the conspiracy was carried out or furthered." United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992).

The firearm at issue was discovered hidden under a mattress in Britt's bedroom. Prior to the arrival of law enforcement officers, Britt stated that he and other members of the conspiracy were in his bedroom "weighing out drugs." Britt's assertion that the firearm belonged to another involved defendant is irrelevant as the weapon was clearly present in a place where the object of the conspiracy was being furthered. Thus, based on these facts, the firearm enhancement was properly applied.

Counsel's disparate sentence argument likewise is unavailing as we have previously rejected such a contention, stating that "'the kind of "disparity" with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case.'"

4

United States v. Pyles, 482 F.3d 282, 290 (4th Cir. 2007) (quoting United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006)), vacated on other grounds, 128 S. Ct. 865 (2008) (vacating for consideration in light of Gall). As there is nothing in the joint appendix to suggest that Britt's sentence is disparate among the broader scope of similarly situated defendants, we conclude the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED