<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4374**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOSEPH KYLE FOUST,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:14-cr-00277-TDS-1)

Submitted: January 15, 2016      Decided: January 21, 2016

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Kyle Foust appeals from his 120-month sentence entered pursuant to his guilty plea to possession with intent to distribute methamphetamine. On appeal, he challenges his Sentencing Guidelines range enhancement for possession of a dangerous weapon, under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2014). We affirm.

Section 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" in connection with the drug offense. USSG § 2D1.1(b)(1). The commentary to § 2D1.1 explains that the weapons enhancement should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.11(A)). The district court's decision to apply the enhancement is reviewed for clear error. United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997).

The Government need not establish a perfect connection between the possession of the firearm and the commission of the drug offense before the enhancement may be made. That is because "enhancement under Section 2D1.1(b)(1) does not require proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." Harris, 128 F.3d at 852 (alteration

2

and internal quotation marks omitted). Instead, "possession of the weapon during the commission of the offense is all that is needed to invoke the enhancement." United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992); accord United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001) ("In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity."). Evidence of firearms in proximity to illegal drugs can support a conclusion that the firearms were possessed during the commission of the drug offense. See Harris, 128 F.3d at 852 (noting that "the proximity of guns to illicit narcotics can support a district court's enhancement of a defendant's sentence under Section 2D1.1(b)(1)"). The defendant has the burden of showing that a connection between his possession of a firearm and his drug offense is "clearly improbable." United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011).

While Foust raises several arguments as to why the enhancement was improper, we find that these arguments are either unsupported or would not make it clearly improbable that the firearm was connected with Foust's drug dealing. Foust was found in a locked bedroom, in possession of a gun, ammunition, drug paraphernalia, and methamphetamine. He did not produce any evidence that he was unaware of the presence of the gun or that it was used for hunting or sport. Because Foust had only a weak

3

case to support his "clearly improbable" theory and he possessed a firearm in close proximity to drugs and drug paraphernalia, the district court did not clearly err in applying the enhancement.

Accordingly, we affirm Foust's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED