**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 98-4073

ANDREW SCOTT MORIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-94-375-A)

Submitted: July 21, 1998

Decided: August 19, 1998

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Kenneth Zwerling, Lisa B. Kemler, ZWERLING & KEMLER,
P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Vincent L. Gambale, Assistant United States Attor-
ney, William G. Otis, Senior Litigation Counsel, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrew Scott Morin was convicted in 1995 of attempting to arrange a murder for hire and sending a threatening communication through the mail. Departing below the guideline range, the district court imposed a sentence of 21 months imprisonment. Morin appealed his conviction and the government appealed the sentence. We vacated the sentence and remanded for resentencing. See United States v. Morin, 80 F.3d 124 (4th Cir. 1996). On remand, the district court again departed and imposed a sentence of 24 months imprisonment. The government again appealed and we again vacated the sentence and remanded the case, directing the district court to impose a sentence within the guideline range. See United States v. Morin, 124 F.3d 649 (4th Cir. 1997). At the second resentencing, Morin requested a departure based on his rehabilitation, citing his good prison record and efforts to improve his mental outlook and resume a normal life after he was released. The district court found that a departure was warranted on this ground, but that it lacked authority to depart because our mandate directed a sentence within the guideline range. The court imposed a sentence of 87 months imprisonment. Morin appeals, contending that the district court erred in concluding that it lacked authority to depart. Finding no error, we affirm.

When a district court exercises its discretion and refuses to depart, its decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). But when, as in this case, the court's refusal to depart is based on a perception that it lacks legal authority to depart, the defendant may appeal and we will review the court's legal decision de novo. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). At issue here is the "mandate rule," which forecloses litigation in the district court of an issue decided by the appellate court or forfeited because it was never raised in the district court. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). The mandate rule

2

applies when a case is remanded for resentencing. See United States v. Apple, 962 F.2d 335, 337 (4th Cir. 1992). An exception to the mandate rule gives the district court limited discretion to address a foreclosed or forfeited issue in certain situations, including a dramatic change in the controlling legal authority. See Bell, 5 F.3d at 67. Morin argues that this exception permitted the district court to consider a departure based on his "extraordinary rehabilitation" because a change in the law of this circuit made that ground for departure available to him only after his second sentencing. See United States v. Brock, 108 F.3d 31, 35 (4th Cir. 1997) (holding that United States v. Van Dyke, 895 F.2d 984 (4th Cir. 1990), had been overruled by Koon v. United States, 518 U.S. 81 (1996)).

We disagree. The change in law did not affect our holding in United States v. Apple, 962 F.2d 335, 336-37 (4th Cir. 1992), that a district court may not consider rehabilitative conduct which occurs after the original sentencing in deciding to reduce a sentence previously imposed because such conduct is "not relevant to what was potentially incorrect in the sentence the court originally imposed." While Koon and Brock make a departure for extraordinary rehabilitation available to a defendant being sentenced for the first time, all of Morin's rehabilitative conduct occurred after the original sentence was imposed and he began serving his prison term. Therefore, the district court did not err in finding that a departure for extraordinary rehabilitation was precluded and the mandate permitted only the imposition of a sentence within the guideline range.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3