**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4625

TYRONE MOULTRIE, a/k/a Tizzy,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4634

TYRONE MOULTRIE, a/k/a Tizzy,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-615, CR-96-464)

Submitted: August 18, 1998

Decided: September 11, 1998

Before MURNAGHAN, ERVIN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,

Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tyrone Moultrie pled guilty to possession of crack cocaine and marijuana with intent to distribute, 21 U.S.C.A.§ 841 (West 1981 & Supp. 1998) (six counts), and, under a separate indictment, pled guilty to one count of conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C. § 846 (1994). The district court imposed a sentence of 226 months imprisonment. Moultrie's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in her view there are no meritorious issues for appeal. Moultrie has filed a pro se supplemental brief raising two additional issues. After a review of the record, we affirm.

In a series of monitored transactions, Moultrie sold crack to a confidential informant on five occasions in May and June of 1993, and sold marijuana to the confidential informant on one occasion. During the May 27 marijuana transaction, Moultrie received money from the confidential informant in front of his home, went inside to retrieve the marijuana, and returned with both marijuana and a 9 mm handgun covered by a towel. The confidential informant was startled by the appearance of a firearm, but asked whether it was for sale, examined it, and then left. A search warrant was executed at Moultrie's home on June 11, 1993. From his bedroom, authorities recovered a 9 mm handgun, a rifle, marijuana, cocaine, and $400.

In April 1996, Moultrie failed a polygraph examination concerning his knowledge of a murder believed to be drug-related.[1] He then left

_____

[1] The victim had been shot to death, possibly because she was believed to be an informant.

2

the premises to confer with his attorney and never returned to take a second polygraph examination concerning information he had provided about drug trafficking in the area. Moultrie's August 1996 plea agreement made no mention of a possible departure for substantial assistance. The agreement obligated him to provide truthful information about his drug trafficking and other unlawful activities of which he might have knowledge, and to submit to a polygraph examination if requested. The agreement also provided that modification must be "in writing signed by all parties." Before he was sentenced, Moultrie failed a second polygraph test, which was administered by state authorities, concerning the murder.

At his sentencing hearing, Moultrie sought a downward departure under USSG § 5K1.1, p.s.,**2** asserting that he had provided substantial assistance by giving information about drug trafficking. He also alleged that, after he entered his guilty plea, the plea agreement had been orally modified by a government promise to move for a downward departure if he passed a polygraph examination. Because polygraph evidence is not admissible in a trial, Moultrie argued that his failure to pass the April 1996 polygraph examination was an unconstitutional reason for denying him a substantial assistance motion.

The government attorney agreed that Moultrie had cooperated with regard to drug activity, and said he would have requested approval to file a substantial assistance motion had Moultrie passed a polygraph test or otherwise disclosed truthfully whatever he knew about the murder. He denied making any promises which were not included in the plea agreement. The district court found that the government had not made a commitment to file a substantial assistance motion based solely on the polygraph test, and that in any case denial of the motion because of failure to pass a polygraph test would not be an unconstitutional motive. Moultrie also unsuccessfully contested the recommended enhancement for possession of a firearm during the offense, see USSG § 2D1.1(b)(1), on the ground that the firearm was not used in the drug transaction.

In the Anders brief, defense counsel suggests that the district court erred (1) in finding that the plea agreement was not modified to prom-

_____

**2 U.S. Sentencing Guidelines Manual** (1995).

3

ise a substantial assistance motion, (2) in finding that a refusal to file the motion based on a failure to pass a polygraph test would not be unconstitutional, (3) in denying Moultrie's motion for a substantial assistance departure, and (4) in making the two-level enhancement for possession of a dangerous weapon during a drug offense.

We find no error in the district court's determinations. A district court may consider a departure for substantial assistance without a government motion only if the defendant makes a substantial threshold showing that the government's refusal to make the motion results from a breach of the plea agreement, from an unconstitutional motive such as religious or racial bias, or based on a factor not rationally related to any legitimate government end. See Wade v. United States, 504 U.S. 181, 186 (1992). Moultrie conceded at sentencing that his guilty plea had not been induced by a promise for a substantial assistance motion and that the government had not breached the plea agreement. There was no evidence of any written modification to the plea agreement following Moultrie's plea. The government refuted defense counsel's claim of an oral modification, which in any case would have been unenforceable. See United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986) (fully integrated agreement may not be supplemented with unmentioned terms). The record discloses that the government decided against a USSG § 5K1.1 motion because it believed that Moultrie had not truthfully revealed all he knew about a murder which was believed to be drug related. In making this decision, the government was free to weigh Moultrie's apparently untruthful answers on two polygraph examinations even though such information would be inadmissible at trial.

We review the district court's determination that Moultrie possessed the firearm during the offense for clear error. See United States v. Falesbork, 5 F.3d 715, 720 (4th Cir. 1993)."[P]ossession of the weapon during the commission of the offense is all that is needed to invoke the enhancement." United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). The enhancement is required unless it is clearly improbable that the weapon is connected to the offense. See USSG § 2D1.1, comment. (n.3). Although Moultrie's attempt to sell the handgun to the informant was separate from the drug sale, he undoubtedly possessed the gun during the drug transaction. Moultrie made no showing which would have enabled the district court to find

4

that it was clearly improbable that his possession of the firearm was unconnected to his drug trafficking. Therefore, the court's finding was not clearly erroneous.[3]

In a pro se supplemental brief, Moultrie argues that the district court should have departed downward because crack and powder cocaine are chemically indistinguishable. We have previously rejected this view. See United States v. Fisher, 58 F.3d 96, 98-99 (4th Cir. 1995). Finally, Moultrie maintains that he was entitled to a downward departure for substantial assistance. As explained above, under Wade, the government was not obligated to move for a departure and the district court could not consider a departure without a government motion because there was no showing that the government's refusal to request a departure resulted from any unconstitutional motive.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the convictions and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

_____

[3] Moreover, the "offense" is defined as the offense of conviction and all relevant conduct. See USSG § 1B1.1 (n.1(l)); Falesbork, 5 F.3d at 720. Two firearms, cocaine, and marijuana were found in Moultrie's home when it was searched two weeks later on the same day that he again sold crack to an informant.