**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4431

JOHN WESLEY REED, III,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                                      No. 99-4436

COREY LEDAINE TATE, a/k/a Trav
Lowe,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-285)

Submitted: February 15, 2000

Decided: March 9, 2000

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Urs R. Gsteiger, WILSON & ISEMAN, Winston-Salem, North Carolina; Thomas H. Johnson, Jr., GRAY, NEWELL & JOHNSON, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Wesley Reed and Corey Ledaine Tate each pled guilty pursuant to plea agreements to a charge of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994). The two men were coconspirators who, along with others in the conspiracy, distributed drugs in the High Point, North Carolina area. Reed was sentenced to 280 months imprisonment followed by five years of supervised release. Tate was sentenced to 134 months imprisonment followed by five years of supervised release. They now appeal.

Counsel for both Reed and Tate have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that they have found no meritorious grounds for appeal. Although both men were informed of their right to file a supplemental brief, only Reed has done so. Reed asserts that the district court erred by increasing his offense level for possession of firearms. He claims that there was no credible evidence that the firearms were used in connection with the drug conspiracy.

The United States Sentencing Guidelines provide that if a firearm is possessed in relation to a drug offense, the offense level shall be increased by two levels. U.S.S.G. § 2D1.1(b)(1) (1998). According to

2

the Application Notes, the increase "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id., comment. (n.3). We review the district court's application of this enhancement for clear error. United States v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992).

Possession of a gun during commission of the offense is sufficient to invoke the enhancement. United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). Proximity of guns to illicit drugs can support the enhancement. United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). Even the location of a firearm in the same house as the drugs can be sufficient possession under the guideline. United States v. Nelson, 6 F.3d 1049, 1056 (4th Cir. 1993).

Here, the offense is a conspiracy that went on for years. A detective testified at sentencing that one of the conspirators told him Reed and others dealt crack cocaine from 1001 Thissell Street in High Point and that Reed carried a .45 while at Thissell Street. He also told the detective there were several "house guns" available to everyone who dealt drugs there, including Reed, to protect against robbery. Another detective testified he was told by a different conspirator that the latter went with Reed to buy a shotgun for protection. A gun was found in Reed's apartment at the time of his arrest, although no drugs were found at that location.

The district court in this case held that the evidence established use of firearms for protection of the conspiracy, and that Reed failed to show it was clearly improbable that the firearms were not used in connection with the offense. We hold that the district court did not commit clear error in holding the enhancement applied to Reed.

Pursuant to the Supreme Court's ruling in Anders , we have reviewed the record for reversible error and found none. We therefore affirm the convictions and sentences of both Reed and Tate. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

3

We deny counsels' present motions to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 99-4431 - <u>AFFIRMED</u>
No. 99-4436 - <u>AFFIRMED</u>

4