**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 01-4136

NATHANIEL SULUKI,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-109)

Submitted: August 24, 2001

Decided: November 5, 2001

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Patrick R. Hanes, WILLIAMS, MULLEN, CLARK & DOBBINS,
P.C., Richmond, Virginia, for Appellant. Kenneth E. Melson, United
States Attorney, James B. Comey, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Nathaniel Suluki appeals his sentence imposed at resentencing. He was convicted of possession with intent to distribute heroin, possession of heroin, possession with intent to distribute crack cocaine and possession of crack cocaine and was sentenced to 120 months imprisonment. He appealed, and we vacated the simple possession counts as violative of the Double Jeopardy Clause, affirmed the possession with intent to distribute counts, and remanded for resentencing.

At resentencing, Suluki challenged the enhancement of his sentence for possession of a firearm under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998). The district court found that the enhancement was still properly applicable and, in any event, was not within the scope of this court's mandate. The district court then reimposed a 120-month sentence.

On appeal, Suluki's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), challenging the firearm enhancement on various grounds. In addition, Suluki has submitted a motion to file a pro se supplemental brief, rearguing certain issues raised by his attorney and raising several new ones. We grant Suluki's motion.

Even assuming, as Suluki argues, that the scope of the resentencing permitted consideration of the propriety of the firearm enhancement, we find that the district court did not clearly err in applying the enhancement. Suluki was arrested after opening the front door of his home to police. Officers searched Suluki and found cocaine base packaged for sale and heroin. A search of Suluki's home produced a shotgun and ammunition in the back bedroom, two revolvers in a shed behind Suluki's home, two pagers, a scale, and a large amount of money. Suluki claims that the firearms enhancement was not war-

ranted because there was no evidence that Suluki used or possessed the guns, and even if he did, there was no evidence linking the firearms to drug activity.

However, the shotgun was found in Suluki's home and the revolvers on Suluki's property. Moreover, the Government was not required to link the weapons directly with the drugs. *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997); USSG § 2D1.1, comment. (n.3) (enhancement should be made if a firearm is present, unless it is clearly improbable that the firearm is connected to the offense). Because Suluki cannot show that it was clearly improbable that the firearms were connected to the drug offense, the enhancement was not clearly erroneous. *United States v. Apple*, 962 F.2d 335, 338 (4th Cir. 1992) (possession of weapon in place where conspiracy is carried on is sufficient).

Suluki next argues that his firearm enhancement violated the dictates of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the enhancement was neither charged in his indictment nor proven beyond a reasonable doubt and his resultant sentence exceeded the maximum guideline sentence permissible without the enhancement. In *United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3618 (U.S. March 19, 2001) (No. 00-8591), we held that the Government is not required under *Apprendi* to submit to a jury and prove beyond a reasonable doubt facts underlying sentence enhancements that increase the guideline range but do not increase the statutory maximum sentence. Because Suluki was sentenced below the statutory maximum for the underlying crime, *Kinter* forecloses Suluki's argument. While Suluki urges this court to reconsider its holding in *Kinter*, a panel may not overrule the decision of a prior panel. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1381-82 (4th Cir. 1991).

In his pro se brief, Suluki raises numerous challenges to his underlying conviction, challenging *inter alia* the mooting of his motion to suppress and the jury instructions. Suluki did not raise these claims in his initial appeal, and we affirmed his possession with intent to distribute convictions. Thus, these issues have been waived and are not properly considered in this appeal from Suluki's resentencing.

In accordance with *Anders*, we have examined the entire record in this case and find no reversible error. We therefore affirm Suluki's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*