**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WILBERT ANTHONY NEAL,
*Defendant-Appellant.*

No. 02-4013

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RONALD CHRISTOPHER NEAL,
*Defendant-Appellant.*

No. 02-4014

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FREDERICK ANTHONY CARGILL,
*Defendant-Appellant.*

No. 02-4095

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-94-300)

Submitted: February 13, 2003

Decided: May 27, 2003

Before WILKINS, Chief Judge, and WIDENER and
MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Anne R. Littlejohn, Greensboro, North Carolina, for Appellant Wilbert Neal; John J. Korzen, ANDERSON, KORZEN & ASSOCIATES, P.C., Kernersville, North Carolina, for Appellant Cargill; James B. Craven, III, Durham, North Carolina, for Appellant Ronald Neal. Anna Mills Wagoner, United States Attorney, Clifton T. Barrett, Assistant United States Attorney/Chief, Criminal Division, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Wilbert Anthony Neal (known as Anthony Neal), Ronald Neal, and Frederick Cargill appeal from their twenty-year prison sentences for conspiracy to distribute cocaine base. Their main argument is that the district court on resentencing should have reassessed their base offense levels because the drug quantity findings were based in part on testimony from a witness who testified falsely on other matters. Because the record contains other, untainted evidence sufficient to support the drug quantity findings, we reject this argument. We also reject as moot the defendants' request to see (in the event of remand) the presentence reports of two government witnesses who testified at resentencing. Finally, we reject Ronald Neal's appeal from the district court's failure to depart downward based on his rehabilitation efforts after the original sentencing. We therefore affirm.

## I.

In their last appeal we vacated the defendants' sentences and remanded for resentencing on three grounds. First, we concluded that the district court had applied a weapon enhancement to Anthony Neal's sentence based solely on facts established by the testimony of Lee Marvin Settle, who had testified falsely on other matters. We instructed the court to reconsider the enhancement and determine whether Settle's testimony was sufficiently reliable to support this enhancement. Second, we concluded that the district court had applied a weapon enhancement to Cargill's sentence based on a clearly erroneous factual finding. We therefore instructed the district court to resentence Cargill without the enhancement. Third, we held that in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc); and *United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), *rev'd* 535 U.S. 625 (2002), the defendants could only be sentenced to a maximum of twenty years. Our remand instructions said that they were to "be sentenced to a term of imprisonment not to exceed twenty years." *United States v. Cargill*, 2001 WL 1019312, at *20 (4th Cir.).

In this appeal the defendants point to another aspect of their sentences — drug quantity findings — that they claim was tainted by Settle's discredited testimony. Each was determined to have possessed quantities of cocaine base in excess of 1.5 kilograms, yielding a base offense level of 38. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (1995). They argue that without Settle's testimony they cannot be tied to sufficient quantities of drugs to justify level 38. The defendants argued at resentencing that drug quantity amounts had to be recalculated without reference to Settle's testimony. The district court refused to consider this argument, saying that our remand instructions required it to reconsider the weapon enhancements and to sentence within the twenty-year maximum, but did not allow it to reach any other issues.

Our mandate did not touch upon the question of drug quantities. Under the "mandate rule," "a lower court generally is 'bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest.' . . . In addition, the rule forecloses relitigation of issues decided by the district court but fore-

gone on appeal." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (alteration in original) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). "[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2nd Cir. 2001) (citing *Bell*).

In the last appeal the government challenged the district court's grant of a new trial. If the government had lost its appeal, the new trial would have proceeded, and any objections the defendants had to their original sentences would have been moot. However, once we decided to reverse the order granting a new trial, we considered the defendants' cross-appeals. Anthony Neal, for example, successfully cross-appealed his weapon enhancement on the basis of the unreliability of Settle's testimony. That issue was available and ripe, and we decided it. The defendants are now rechallenging their sentences on the same ground, that is, on the basis of Settle's discredited testimony. The effect of Settle's testimony on the district court's drug quantity findings could have been raised in the last appeal because the issue was just as available and ripe as was the issue of the testimony's effect on the weapon enhancement. Because the issue of any Settle taint on the drug quantity calculation was ripe but not raised the last time, it should be precluded by the mandate rule unless there are extraordinary circumstances. *See Bell*, 5 F.3d at 67.

No extraordinary circumstances are present in this case. There was sufficient evidence beyond Settle's testimony to connect each defendant to more than 1.5 kilograms of cocaine base. The defendants were convicted of drug-distribution conspiracy; each "is accountable for all quantities of contraband with which he was directly involved and . . . all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S. Sentencing Guidelines Manual § 1B1.3 cmt. n.2 (1995). *See also United States v. Vinson*, 886 F.2d 740, 742-43 (4th Cir. 1989). Testimony from several witnesses other than the discredited Settle establishes that the conspiracy handled well over 1.5 kilograms of cocaine base. In the last appeal another conspirator who is not currently before us, Christopher Neal, challenged the drug quantity attributed to him. We

concluded that just the drugs recovered during arrests of various conspirators added up to more than 1.5 kilograms and "were reasonably foreseeable to him within the scope of the conspiracy." *Cargill*, 2001 WL 1019312, at *19 (quotation marks omitted). This conclusion is equally applicable to Anthony Neal, Ronald Neal, and Cargill. Without considering Settle's testimony, enough drugs are attributable to each defendant through the conspiracy to justify a base offense level of 38. There was therefore no reason for the district court to recalculate drug quantities, regardless of whether our mandate allowed it to do so. In short, the district court did not err in refusing to revisit the defendants' base offense levels.

## II.

The defendants raise two other claims, neither of which has merit. They argue that in the event we remand for resentencing, the district court should be required to order the government to produce the presentence reports of two government witnesses at sentencing. Because we will not be remanding, the request is moot.

Finally, Ronald Neal objects to the district court's denial of a downward departure based on his rehabilitation between the original sentencing and resentencing. A district court's discretionary refusal to depart downward is not appealable. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). Here, the district court was without authority to base a departure on events occurring after the original sentencing. *See Bell*, 5 F.3d at 67; *United States v. Apple*, 962 F.2d 335, 336-37 (4th Cir. 1992). It appears, however, that the district court might have believed that it had the discretion to consider a departure in these circumstances. Ronald Neal seizes on this possible confusion and couches his argument in terms of whether the district court had the authority to depart downward. A defendant may appeal the question of whether the district court has authority to depart. *Bayerle*, 898 F.2d at 31; *see also Apple*, 962 F.2d at 336-37 (entertaining such an appeal). Neal's substantive argument, however, is without merit. *Bell* and *Apple* make clear that rehabilitation following the original sentence is not a ground for downward departure at resentencing. (The Sentencing Commission has recently codified this rule in the Guidelines. U.S. Sentencing Guidelines Manual § 5K2.19 (2002).) There

was therefore no error in the district court's ultimate decision not to depart.

## III.

The sentences imposed by the district court are affirmed.

*AFFIRMED*