Vacated by Supreme Court, March 7, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

     *Plaintiff-Appellee,*

v.

RANDY GREENE,

     *Defendant-Appellant.*

No. 04-4009

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-03-126)

Submitted: May 26, 2004

Decided: September 24, 2004

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, Megan J. Schueler, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Randy Greene pled guilty to possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a) (2000), and was sentenced to a term of seventy-eight months imprisonment. He appeals his sentence, contending that the district court clearly erred in making a two-level enhancement for possession of a weapon during the offense pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2003). We affirm.[1]

Greene sold marijuana and methamphetamine to an undercover state trooper at the car dealership where Greene worked. After Greene sold methamphetamine at his home to a confidential informant, a search warrant was executed at Greene's residence. A total of 11.838 grams of methamphetamine and 40 grams of marijuana were recovered, as well as Diazepam, Clonazepam, methadone, and Oxazepam.[2] Six shotguns and seven rifles were found in gun cabinets located in the living room and bedroom.

Greene maintained that it was clearly improbable that his firearms were connected with his drug sales because the guns were unloaded, were in locked display cabinets, and were of the type normally used for sporting and hunting. *See* USSG § 2D1.1, comment. (n.3) (adjustment should be made if weapon was present "unless it is clearly improbable that the weapon was connected with the offense;" *e.g.*,

---

[1] Greene has filed a supplemental brief in which he argues that he should be resentenced in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). We have recently held that *Blakely* does not invalidate a sentence imposed under the federal sentencing guidelines. *United States v. Hammoud*, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug. 2, 2004) (order). Therefore, we reject his claim.

[2] There was no evidence that Greene distributed the prescription drugs.

unloaded hunting rifle in closet would not warrant adjustment). He also relied on the fact that three of the four controlled drug purchases were made at the car dealership rather than at his home. At the sentencing hearing, Greene's attorney informed the court that his client's guns were family heirlooms.

The district court determined that the large number of firearms present in Greene's house could intimidate anyone who came there to buy drugs and might be used to protect the drugs that Greene stored in the house. The court held that Greene had not carried his burden of showing that it was clearly improbable that the guns were connected with the offense. Because the court found that Greene had possessed a gun in connection with the offense, Greene did not meet the criteria set out in § 5C1.2 and was not eligible for a two-level safety valve reduction under § 2D1.1(b)(6).

On appeal, Greene argues that the government failed to prove that the firearms were in close proximity to the drugs in his house, that it was clearly improbable that the firearms were connected with the drug offense, and that the court's error in applying the weapon enhancement under § 2D1.1(b)(1) incorrectly precluded him from receiving the safety valve reduction. The district court's decision to apply the enhancement is reviewed for clear error. *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997).

The government need not establish a perfect connection between the possession of the firearm and the commission of the drug offense before the enhancement may be made. The "enhancement under Section 2D1.1(b)(1) does not require proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." *Harris*, 128 F.3d at 852 (alteration and internal quotation marks omitted). Instead, "possession of the weapon during the commission of the offense is all that is needed to invoke the enhancement." *United States v. Apple*, 962 F.2d 335, 338 (4th Cir. 1992); *accord United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001) ("In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity."). Evidence of firearms in proximity to illegal drugs can support a conclusion that the firearms were possessed during the commission of the drug offense. *See Har-*

*ris*, 128 F.3d at 852 (noting that "the proximity of guns to illicit narcotics can support a district court's enhancement of a defendant's sentence under Section 2D1.1(b)(1)").

Greene's argument that the government failed to prove that the firearms in his home were in close proximity to the drugs found there is unavailing. The test requires nothing more than that the guns be located in the same place where drugs are stored or distributed. *Harris*, 128 F.3d at 852 (citing *United States v. Nelson*, 6 F.3d 1049, 1056 (4th Cir. 1993)).

Greene argues that the court committed clear error in finding that it was not clearly improbable that the firearms were connected to the drug offense because (1) he did not possess a firearm during the controlled buys at the car dealership, and (2) the firearms were hunting weapons and were in locked gun cabinets. However, these facts alone do not make it clearly improbable that the firearms were connected with Greene's drug dealing. The guns were not kept in a closet, as in the example given in Application Note 3, but in full sight. Greene stored drugs in his house, and the presence of the guns, whether or not they were loaded, could act as a deterrent to potential thieves. Greene did not claim that he or anyone in his family used the guns for hunting or sport. Because Greene had only a weak case to support his "clearly improbable" theory and he possessed thirteen firearms during a drug transaction in the place where the transaction was carried out, we conclude that the district court did not clearly err in applying the enhancement.

Given the court's factual finding that Greene had possessed a firearm in connection with the offense, the court necessarily found that Greene did not meet the criteria for a safety valve reduction under § 2D1.1(b)(1) and § 5C1.2. This determination was not clearly erroneous. *United States v. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997) (stating standard of review).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*