**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4009**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY GREENE,

Defendant - Appellant.

───────────

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8009)

───────────

Submitted: September 30, 2005    Decided: November 30, 2005

───────────

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Megan J. Schueler, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Randy Greene pled guilty to possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a) (2000), and was sentenced to a term of seventy-eight months imprisonment. We affirmed his sentence. United States v. Greene, No. 04-4009, 2004 WL 2126766 (4th Cir. Sept. 24, 2004) (unpublished). The Supreme Court subsequently granted certiorari, vacated this court's judgment in light of United States v. Booker, 125 S. Ct. 738 (2005), and remanded Greene's case to this court for further proceedings. For the reasons explained below, we affirm his sentence.

Greene's sentence was imposed before Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), were decided, and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts he did not admit. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

When Greene was arrested, law enforcement officers seized methamphetamine, around fifty grams of marijuana, small amounts of prescription drugs, and thirteen firearms from Greene's home. Greene made a statement in which he admitted selling 112 grams of methamphetamine. In his presentence interview with the probation officer, Greene again admitted responsibility for these drug

quantities, and he did not contest the district court's determination that he was responsible for 224.051 grams of marijuana equivalent, which gave him a base offense level of 26. U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2003). Greene did contest the two-level enhancement for possession of a firearm during the offense; however, the court overruled his objection and applied the enhancement pursuant to USSG § 2D1.1(b)(1). The resulting offense level was 28. Greene was in criminal history category I. His guideline range was 78-97 months.

Because Greene admitted selling 112 grams of methamphetamine, a quantity that in itself is sufficient to support the base offense level of 26 used by the district court, see USSG § 2D1.1(c)(7) (50-250 grams of methamphetamine), we conclude that no Sixth Amendment violation occurred when the district court adopted the base offense level recommended in the presentence report. Although Greene challenged the two-level enhancement for possession of a firearm, elimination of the enhancement would only reduce the guideline range to 63-78 months. Greene's sentence of seventy-eight months imprisonment is thus within the range that would apply based only on facts that he admitted. Consequently, the sentence imposed did not violate the Sixth Amendment. United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005).[*]

_____

[*]Greene does not claim that the district court erred in applying the guidelines as mandatory. In any event, the record does not reveal any nonspeculative basis for concluding that the

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

district court would have imposed a lower sentence under an advisory guideline scheme.  See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).