**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4055**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOAQUIN LOPEZ CANO,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:05-cr-00354-JAB)

———————

Submitted: September 24, 2007      Decided: October 12, 2007

———————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Christopher R. Clifton, GRACE, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joaquin Lopez Cano appeals from his 120-month sentence imposed following his guilty plea to conspiracy to distribute cocaine. He asserts that the district court erred by increasing his offense level by two for possession of a dangerous weapon, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2005 & Supp. 2006), and by not reducing his offense level pursuant to the safety valve provision of USSG § 5C1.2. We affirm.

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-level increase if the defendant possessed a firearm or dangerous weapon. USSG § 2D1.1(b)(1). The commentary explains that a defendant possesses a firearm if "the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id., comment. (n.3). Application of this enhancement requires only that the weapon is involved in the offense conduct as a whole. See United States v. Falesbork, 5 F.3d 715, 720-21 (4th Cir. 1993). "[P]ossession of the weapon during the commission of the offense is all that is needed to invoke the enhancement. The sentencing court is not required to find any more of a connection between the possession of the weapon and the commission of the drug offense." United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). When the offense of conviction is conspiracy, the court has applied the two-level increase "when the weapon is discovered in a place where the conspiracy was carried

out or furthered." Id.; see United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997).

Here, the district court found that the enhancement applied, noting that a heavy-duty scale, duct tape, and sandwich bags--all drug paraphernalia--were found in the bathroom of Cano's residence, and a gun was located in his bedroom. The court noted that wiretap conversations established that Cano and his mother, also a co-conspirator, had discussed the potential delivery of drugs to his residence, and that two kilograms of cocaine were buried in Cano's mother's garage--which was 50 to 75 yards from Cano's residence--in just the manner in which Cano and his mother had discussed in another wiretap conversation. We find no clear error in the district court's conclusion that these facts were sufficient to justify the enhancement for possession of the weapon. See United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001) (providing standard).

Having found that Cano possessed a firearm and that it was not clearly improbable that the possession was in connection with the conspiracy offense, USSG § 2D1.1(b)(1), comment. (n.3), we find that the district court did not plainly err[*] in determining further that Cano possessed a firearm in connection with the

---

[*]Because Cano did not present this argument in the district court, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993).

conspiracy offense and thus did not qualify for the safety valve reduction.  <u>See</u> USSG § 5C1.2(a)(2).

In conclusion, we affirm Cano's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>